UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D. SAMUEL GOODELL,

        Plaintiff,

v.                                        Case Number: 11-10452-BC
                                            Honorable Thomas L. Ludington

PATRICIA CARUSO and
HUGH WOLFENBARGER,

        Defendants.
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

This prisoner civil rights action was filed pursuant to 42 U.S.C. § 1983. On February 4, 2011, Plaintiff D. Samuel Goodell, presently confined at the Macomb Correctional Facility in New Haven, Michigan, filed his pro se complaint, naming Patricia Caruso, Former Director of the Michigan Department of Corrections, and Hugh Wolfenbarger, Warden of the Facility, as Defendants. In his pleadings, Plaintiff alleges that his equal-protection rights were violated when he was denied participation in a fundraiser for the Prisoner Benefit Fund while other prisoners were afforded the opportunity to do so. He states that he requested such permission from Defendant Wolfenbarger but was denied. He subsequently filed grievances, which also were denied. Plaintiff alleges that the Department's grievance process is "broken" because Defendant Caruso failed to take the inmates' complaints seriously, and she established a policy and practice of condoning the bad behavior of her subordinates. He is seeking monetary damages.

I.

Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying those standards, Plaintiff's action will be dismissed for failure to state a claim. The Court also concludes that an appeal cannot be taken in good faith.

II.

A.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and citation omitted)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *see also Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences).

The Court must determine whether Plaintiff's Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) (same).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted).

B.

Plaintiff fails to make any specific factual allegations against Defendants Caruso and Wolfenbarger, other than his claim that they denied or failed to adequately address his grievances. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Plaintiff has not demonstrated that Defendants Caruso and Wolfenbarger engaged in any active unconstitutional behavior.

C.

Moreover, to the extent Plaintiff's claims against Defendants fall under the rubric of respondeat superior, he is not entitled to relief. Liability under section 1983 must be based on more than the mere right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981) (citing *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 694 (1978)). Thus, section 1983 liability cannot be premised upon simple allegations of respondeat superior. *Polk*, 454 U.S. at 325 (citing *Monell*, 436 U.S. at 691). A party cannot be held liable under section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Supervisory officials can be held liable for the acts of their subordinates only if the plaintiff establishes that the supervisor "either encouraged or in some way directly participated" in the acts, which resulted in a denial or deprivation of the plaintiff's federal rights. *See Leach*, 891 F.2d at 1246 (citing *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982)). Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir.1992).

In addition, the plaintiff must show that the defendants had some duty or authority to act. *See Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *see also Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose section 1983 liability in the absence of a duty to act). Thus, merely bringing a problem to the attention of a supervisory official

is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F.Supp. 941, 946 (W.D. Mich. 1987), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F.Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

In this case, Plaintiff has not identified any constitutional claims which Defendants violated, nor any facts establishing that Defendants were personally involved in the activity which forms the basis of his claims. In fact, Defendants appear to have been named solely because of their supervisory capacities, conduct for which they cannot be liable under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, Plaintiff's complaint will be dismissed with prejudice.

### III.

Accordingly, it is **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e(c).

Additionally, the Court concludes that an appeal from this Order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Accordingly, it is **ORDERED** that permission to proceed in forma pauperis on appeal is denied.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 7, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon D Samuel Goodell, #279415, at Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201 by first class U.S. mail on June 7, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS